```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X

ATLANTIC GROUP LTD.,

            Plaintiff,

   -against-                                    00 Civ. 7845(KMW)
                                                ORDER
THE INTERPUBLIC GROUP OF COMPANIES,
INC. and INITIATIVE MEDIA WORLDWIDE,

            Defendants.
-------------------------------------X
```

WOOD, U.S.D.J.:

In October 2000, Atlantic Group Ltd. ("Atlantic" or "Plaintiff") sued the Interpublic Group of Companies, Inc. ("IPG") and Initiative Media Worldwide ("Initiative") (collectively, "Defendants") for (1) promissory estoppel, (2) quantum meruit, and (3) breach of contract. By Order dated September 21, 2001 (the "September Order"), familiarity with which is assumed, the Court (1) dismissed Plaintiff's promissory estoppel claim against both Defendants, but only with respect to one promise allegedly made by Initiative, (2) dismissed Plaintiff's quantum meruit claim with respect to IPG, and (3) dismissed Plaintiff's breach of contract claim with respect to both Defendants.

In June 2002, Plaintiff filed a First Amended Complaint (the "Amended Complaint"), asserting five new claims: (1) tortious interference with contract; (2) civil conspiracy to tortiously interfere with contract; (3) aiding and abetting tortious

interference with contract; (4) tortious interference with business relations; and (5) civil conspiracy to tortiously interfere with business relations.

Defendants presently move for summary judgment with respect to all claims. By Order dated March 15, 2004, familiarity with which is assumed, the Court held that Ukrainian law applies to this motion, and that additional briefing was required to determine whether summary judgment is appropriate under the substantive law of Ukraine.

Plaintiff has submitted analysis from its Ukrainian law experts, Vladimir V. Zakhvataev ("Zakhvataev")[1] and Vladimir V. Zhernakov ("Zhernakov")[2]; Defendants have submitted analysis from their Ukrainian law experts, Anatoli S. Dogvert ("Dogvert")[3] and

---

[1] See Aff. of Vladimir V. Zakhvataev ("Zakhvataev Aff. 1"), dated July 26, 2002, in Aff. of Nicholas A. Marsh ("Marsh Aff."), Ex. 1, ¶¶ 1-6 (listing Zakhvataev's qualifications as an expert on Ukrainian law); Supp. Aff. of Vladimir V. Zakhvataev ("Zakhvataev Aff. 2"), dated March 3, 2003, in Marsh Aff., Ex. 2.

[2] See Aff. of Vladimir V. Zhernakov ("Zhernakov Aff. 1"), dated July 26, 2002, in Marsh Aff., Ex. 3, ¶¶ 2-6 (listing Zhernakov's qualifications as an expert on Ukrainian law); Supp. Aff. of Vladimir Zhernakov ("Zhernakov Aff. 2"), dated March 3, 2003, in Marsh Aff., Ex. 4.

[3] See First Aff. of Anatoli S. Dogvert ("Dogvert Aff. 1"), dated May 21, 2002, ¶¶ 1-5 (listing Dogvert's qualifications as an expert on Ukrainian law); Supp. Aff. of Anatoli S. Dogvert ("Dogvert Aff. 2"), dated January 17, 2003; Third Aff. of Anatoli S. Dogvert ("Dogvert Aff. 3"), dated March 24, 2003.

2

William E. Butler ("Butler")[4].

For the reasons set forth below, the Court grants Defendants' motion for summary judgment in regard to Plaintiff's quasi-contract claims, and dismisses Plaintiff's remaining tort claims on the ground that Ukraine is the exclusive venue for tort claims under Ukrainian Law.

I.  **Background**

Plaintiff Atlantic is an international business corporation that operates in the field of advertising and media.  Atlantic, under its earlier name, "Perekhid," performed advertising and media work in Ukraine through its operating subsidiary, "Provid."

Defendant IPG is a Delaware corporation that owns advertising, marketing, and communications services subsidiaries. Defendant Initiative is now directly and wholly owned by IPG. However, until approximately January 1999, Initiative was a subsidiary of Ammirati Puris Lintas ("APL"), which was in turn a subsidiary of IPG.

In 1995, Dieter Lockemann, an employee of APL, became acquainted with Andrew Bain, a principal of, and one of the founders of, Atlantic.  At that time, Lockemann began referring

---

[4] See Aff. of William Elliott Butler ("Butler Aff. 1"), dated May 9, 2005; ¶¶ 1-11, 17 (listing Butler's qualification as an expert on Ukrainian law); Supp. Aff. of William Elliot Butler ("Butler Aff. 2"), dated June 7, 2005.

3

international clients interested in advertising in Ukraine to Atlantic and Provid. Lockemann and Bain arranged to meet in March 1996 to discuss the creation of a formal relationship between Atlantic and APL.

On or about March 11, 1996, a meeting was held in New York with Andrew Bain, David Stewart, and Serhiy Staritsky on behalf of Atlantic; Vincent Lubrano and Joseph Spieler on behalf of APL; and Dieter Lockemann on behalf of APL and Initiative. Notwithstanding the fact that no written agreement was drafted or signed at this meeting, Plaintiff alleges that the participants agreed that Atlantic would form a new agency, "Telemedia," to service Defendants' key international clients in Ukraine.

Plaintiff further alleges that, at this meeting, Defendants made a clear and unambiguous promise not to "poach" certain employees of Telemedia. On March 19, 1996, Bain transmitted to Lockemann and Lubrano a memorandum that he believed "incorporates everything we discussed last week." Decl. of Dieter Lockemann, Ex. B. No mention of the promise not to "poach" employees was made in the memorandum. See id.

On July 26, 1996, a second meeting was held in London with representatives of Atlantic, APL, and Initiative. No written agreement was drafted or signed at this meeting either. Following this meeting, and in order to facilitate the drafting of a cooperation agreement between the parties, Lockemann sent

Bain a standard cooperation agreement used by APL in Bulgaria. Id. at Ex. L.  On January 8, 1997, Bain sent a memo to Lockemann stating, inter alia: "One point not addressed in your standard agreement is non-solicitation of our employees in case of termination.  As you can imagine, this is absolutely necessary for us to go forward."  Id. at Ex. N.  However, neither APL nor Initiative ever signed a final cooperation agreement with Atlantic.[5]

In the present action, Plaintiff alleges that Defendants unlawfully "poached" Telemedia employees – i.e., that Defendants conspired, assisted, and acted with non-party Dmitry Korobkov ("Korobkov") to destroy Telemedia's business in the Ukraine by inducing certain Telemedia employees to terminate their employment with Telemedia and join Adventa, a direct competitor controlled by Defendants.  Plaintiff alleges that Defendants thereby violated the promises they had made to Plaintiff, and encouraged Telemedia's employees to violate the terms of their employment contracts with Telemedia.

---

[5] Atlantic unilaterally signed an agreement in which APL and Initiative were to agree not to hire any person employed by Telemedia within twelve months of the date of termination of the agreement.  See Pl.'s Response and Counterstatement to Defs.' 56.1 Statement of Undisputed Facts, ¶¶ 231-33; Defs.' Response to Pl.'s Rule 56.1 Counterstatement of Facts, ¶¶ 231-33.

## II. Standard of Review on a Motion for Summary Judgment

To prevail on a motion for summary judgment, the moving party must demonstrate that there are no genuine issues of material fact to be tried, and that it is entitled to judgment as a matter of law. See Fed. R. Civ. Pro. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); On Davis v. The Gap, Inc., 246 F.3d 152 (2d Cir. 2001). The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record,] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp., 477 U.S. at 323.

Once a motion for summary judgment is made and supported, the non-moving party must set forth specific facts to be tried. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," in which case summary judgment is not appropriate. Anderson, 477 U.S. at 248; Mitchell v. Shane, 350 F.3d 39, 47 (2d Cir. 2003). Factual disputes that are irrelevant or unnecessary will not be considered. Anderson, 477 U.S. at 248.

**III. Discussion**

    A.   Plaintiff's Quasi-Contract Claims[6]

Plaintiff makes two quasi-contract claims based on the principles of promissory estoppel[7] and quantum meruit.[8] Defendants have shown that Ukrainian law does not enforce unsigned agreements, and therefore does not recognize quasi-contract claims; Plaintiff has provided no authority to the contrary. See Defs.' Mem. in Support of Mot. for Summ. Judgm., at 9, 24-25; Dogvert Aff. 1, ¶¶ 29-33; Dogvert Aff. 3, ¶¶ 7, 24. Thus, the Court grants Defendants' motion for summary judgment on

---

[6] The Court notes that the Amended Complaint contains a cause of action for breach of contract that is identical to the breach of contract claim in the original Complaint, which claim the Court dismissed in its September Order. See Am. Compl., ¶¶ 93-101, Compl. ¶¶ 76-84, September Order at 7-8. The Court thus disregards Plaintiff's breach of contract claim in the Amended Complaint.

[7] Plaintiff's promissory estoppel claim is based on Initiative's alleged promise that in the event the relationship between the parties was terminated and Defendants chose not to exercise their option to buy a controlling share of Telemedia, Defendants would not approach or hire any of Telemedia's employees for twelve months from the termination of the relationship between the parties. Am. Compl., ¶ 81. Plaintiff argues that it reasonably and forseeably relied upon this promise, and was injured as a result. Id. at ¶ 81-84.

[8] Plaintiff's quantum meruit claim essentially seeks to prevent Initiative from being unjustly enriched as a result of the services Plaintiff performed for Initiative throughout the period in which the parties were negotiating the terms of the unconsummated cooperation agreement. See Am. Comp., ¶ 87-88.

7

Plaintiff's causes of action for promissory estoppel and quantum meruit.

B.  Plaintiff's Tort Claims

The only remaining causes of action in the Amended Complaint are Plaintiff's tort claims for (1) civil conspiracy to tortiously interfere with contract, (2) aiding and abetting tortious interference with contract, (3) tortious interference with business relations, and (4) civil conspiracy to tortiously interfere with business relations.  These claims are all based on Plaintiff's allegation that Defendants acted with Korobkov to destroy Telemedia's business in the Ukraine by poaching Telemedia employees.  See Am. Coml., ¶¶ 108-10, 114-15, 119, 123-25.

Plaintiff brings its tort claims pursuant to Article 440 of the Civil Code of Ukraine ("Article 440").  See Pl.'s Mem. on Issues of Ukrainian Law ("Pl.'s Mem."), at 12; Pl.'s Reply Mem., at 14 ("[T]he underlying conduct is actionable under Articles 440 and 451 of the Civil Code.").[9]  Article 440 requires a plaintiff to show: (a) harm or damage to the plaintiff, (b) violation of law by the tortfeasor, and (c) a causal relationship between the

---

[9]The language of Article 440, as translated by Defendants, indicates that the provision applies to damages caused to "a person or property of a citizen as well as damage caused to an entity."  Dogvert Aff. 2, Ex. AD-13.  See also Zakhvataev Aff. 1, Ex. 3 (Plaintiff's translation of Article 440: "Damage caused to personality or property of a citizen as well as damage caused to an organization shall be subject to compensation by a person, which has caused thereof....").

8

tortfeasor's wrongful act and the harm caused to the plaintiff; the burden then shifts to the alleged tortfeasor, to show that he or she was not at fault. Pl.'s Mem., at 12-13; Defs.' Mem on Issues of Ukrainian Law, at 25; Dogvert Aff. 1, ¶¶ 21-22; Zakhvataev Aff. 1, ¶¶ 19-20, Ex. 3.

According to Defendants' Ukrainian law expert, Butler, "under Ukrainian conflict of law principles, the exclusive venue for 'delicts' is Ukraine." Butler Aff. 2, ¶ 21. Thus, as Defendants point out, Plaintiff "cannot rely on Article 440 in <u>this</u> Court." Defs.' Reply Mem., at 8 (emphasis in original).

Given that Plaintiff's tort claims are the only remaining causes of action in the case, venue in the present district is no longer appropriate. The Court therefore dismisses this action.

## IV. Conclusion

For the reasons stated above, the Court grants Defendants' motion for summary judgment on Plaintiff's promissory estoppel and quantum meruit claims, and dismisses Plaintiff's remaining tort claims.

The Court notes, however, that Defendants raised the issue of exclusive venue in the Ukraine only in their most recent supplemental submissions, and that Plaintiff has not responded to this point. Therefore, Plaintiff may apply, within thirty days of this Order, for restoration of the action to the calendar of

9

undersigned upon a showing that adjudication of tort claims in a venue outside Ukraine is permissible pursuant to Ukrainian law.

The Clerk of the Court is ordered to close this case. Any pending motions are moot.

SO ORDERED.

Dated: New York, New York
September 15, 2005

                                        /s/ Kimba M. Wood
                                        Kimba M. Wood
                               United States District Judge

Copies of this Order have been mailed to counsel for the Parties.